28 C.C.P.A.(Patents)

## In re ASHMORE.

### Patent Appeal No. 4454.

Court of Customs and Patent Appeals.

May 5, 1941.

Edw. V. Hardway, of Houston, Tex. (W. Britton Moore, of Washington, D. C., of counsel), for appellant.

W. W. Cochran, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

GARRETT, Presiding Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming that of the examiner rejecting, in view of prior art cited, three method claims numbered, respectively, 2, 4, and 17, embraced in an application for patent relating to "Apparatus and Method for Fusing Earth Material in Place." Two apparatus claims and seven method claims stand allowed.

Claim 2 is illustrative of the appealed claims. It reads: "2. The method of forming paving from fusible earth material which consists in bringing natural earth formation to the desired final contour, fusing said material in undisturbed condition in place by the application of heat thereto thus forming a continuous, hard surface."

The prior art cited is a patent to one Irvine, No. 2,095,637, dated October 12, 1937.

The brief on behalf of appellant reads:

"The invention involved in the application insofar as the rejected claims 2, 4, and 17 are concerned relates to the method of fusing earth material in place and more particularly to the method of forming paving from fusible earth material which consists in the bringing of the natural earth to the desired contour and fusing the material, while in said contour and while undisturbed, by the application of heat thereto to form a continuous hard surface.

\*    \*    \*    \*    \*

"It may be here noted that each of the claims include, as a part of the method, the contouring of natural earth formation into the final form of the roadway, the fusing of said material while in said contoured shape and allowing the material to remain undisturbed during the fusing process so as to form a continuous hard surface for the roadway."

In the brief filed by the Solicitor for the Patent Office it is said:

"The patent to Irvine, 2,095,637 \* \* \* relates to a machine for the heat treatment of earth roads and surfaces. Since the appealed claims are method claims the apparatus disclosed in the patent is of minor importance here, the important point here being how the apparatus operates, that is, the process which is carried out when the apparatus is used. The patent stated \* \* \* that the device disclosed 'is for applying heat to the natural earth road surfaces thus rendering them nonplastic and better capable of carrying traffic in varying weather conditions.' It is further disclosed in the patent \* \* \* that the device 'moves along an existing earth road or prepared surface converting the surface layer of earth into bricklike material as it goes.'

"It is further indicated in the patent \* \* \* that a scarifying attachment may be provided. It is further indicated in the patent \* \* \* that the scarifier may be mounted upon a frame and that the frame can be raised or lowered as required."

The controversy as to the appealed claims revolves about a scarifying attachment referred to in the patent to Irvine.

The claims at issue do not require the use of a scarifier, but seem, in a sense, to negative the use of one after the earth material has been brought to the contour desired, the negation being expressed, for example, in count 2 by the phrase "fusing said material in *undisturbed* condition." (Italics ours.)

In the decision of the board it was said: "Appellant contends that in using his apparatus the surface of the road is not disturbed so that it will be possible to obtain a monolit-ic slab. Except for the scarifier, claims 2, 4, and 17 will read on the patent. We are of the opinion that the mere omission of the scarifier and its function does not amount to invention."

Appellant has pressed the same point relative to the absence of any scarifier in carrying out his method which he pressed below and his arguments have been given respectful consideration.

As we view it, the gist of appellant's claimed invention, as expressed in the appealed claims, lies in fusing the material in place after such material has been so placed as to form the contour desired, not in forming the contour. It is conceivable that a method of forming roadway contours, without the use of a scarifier or scarifiers, might be devised which would be patentable, but so far as the process of fusing the material in place is concerned, we are unable to discern wherein there would be any invention in omitting such devices when not wanted. It may be remarked that the appealed claims are so broad that they would not seem to exclude the use of scarifiers even in forming the contour were the use of such necessary. The only part of the operation from which, apparently, they are excluded, assuming that the phrase "in undisturbed condition" does exclude them, is the application of heat without them after the contour has been formed by whatever method of contouring may be used.

We find no error in the rejection of the appealed claims and the decision of the board is affirmed.

Affirmed.